# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| KEVIN LYNN LAMB, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 5:20-cv-01218-AMM-JHE |
| | ) |
| WARDEN DEBORAH TONEY, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This is an action for a writ of habeas corpus filed by petitioner Kevin Lynn Lamb. Doc. 1. Mr. Lamb challenges his 2016 conviction in Madison County, Alabama for one count of disseminating child pornography and the resulting ten-year sentence. *Id.* at 1-2. On June 11, 2021, the magistrate judge to whom the case was referred entered a report and recommendation pursuant to 28 U.S.C. § 636(b), recommending that Mr. Lamb's petition be denied as time-barred and, alternatively, because his *Miranda* claim is procedurally defaulted. Doc. 9 at 7-10, 13-15. Mr. Lamb filed timely objections. Doc. 13.

In his objections, Mr. Lamb challenges the findings of fact and conclusions of law concerning the validity of his state court guilty plea. Mr Lamb argues that he did not understand the charges against him and the rights he waived, and that his guilty plea was therefore invalid under *Henderson v. Morgan*, 426 U.S. 637, 645 n.13

(1976). Doc. 13 at 2. As relevant here Mr. Lamb pleaded guilty to one count of disseminating child pornography on May 2, 2016; when he entered his guilty plea, Mr. Lamb was represented by attorney John Butler. Doc. 6-1 at 19-23. On May 18, 2016, through new counsel, Mr. Lamb filed a motion to withdraw that plea, challenging the representation provided by Mr. Butler. *Id.* at 31-37. The trial court set that motion for hearing and, on June 15, 2016, the court heard testimony, received evidence, and considered oral arguments. *Id.* at 43.

After that hearing, the trial court ruled that Mr. Lamb's plea of guilty was entered knowingly, intelligently, and voluntarily. *Id.* at 44. The trial court reasoned that at the plea colloquy, Mr. Lamb unequivocally stated he understood both the Plea Agreement and the Explanation of Rights and Plea of Guilty Form signed by him. *Id.* at 43-44; *see also* Doc. 6-2 at 8-9. Further, when the trial judge had asked Mr. Lamb during his guilty plea, "You understand what you are charged with?" Mr. Lamb had responded with an unequivocal "Yes, sir." Doc. 6-2 at 9. Similarly, when the trial judge had inquired as to whether Mr. Lamb understood each of the rights he waived by pleading guilty, Mr. Lamb again had responded affirmatively. Doc. 6-2 at 10-11.

With the assistance of counsel, Mr. Lamb appealed the trial court's refusal to allow him to withdraw his guilty plea, again claiming he entered his guilty plea "unknowingly and unintelligently" due to ineffective assistance by Mr. Butler. Doc.

6-3 at 6, 13-14. The Alabama Court of Criminal Appeals affirmed on December 9, 2016, Doc. 6-5, and Lamb did not further appeal. *See* Doc. 6-6.

Still proceding through counsel, Mr. Lamb filed a petition for collateral review pursurt to Alabama Rule of Criminal Procedure 32 on July 19, 2017. Doc. 6-7 at 2. Mr. Lamb again challenged Mr. Bulter's performance as counsel. *Id.* at 5. Mr. Lamb claimed Mr. Butler misinformed him as to the range of punishment, failed to inform him he could withdraw his plea based on the actual range of punishment, and failed to address a violation of Mr. Lamb's *Miranda* rights. *Id.* at 5-6, 8. The trial court denied relief, Doc. 6-7 at 26-27, and the Alabama Court of Criminal Appeals affirmed that decision on December 8, 2017. Doc. 6-10. When the appellate court denied Mr. Lamb's application for rehearing on January 5, 2018, Mr. Lamb did not appeal further. Docs. 6-11; 6-12; 6-13.

Under *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012), Mr. Lamb's time to file a federal habeas petition under AEDPA began to run when he failed to pursue his direct appeal after the Alabama Court of Criminal Appeals affirmed the trial court on December 9, 2016. Although Mr. Lamb's July 19, 2017 Rule 32 petition paused that clock, the time again began to run fourteen days after the January 5, 2018, denial of Mr. Lamb's application for rehearing, when his time to file a petition for writ of

3

certiorari with the Alabama Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). The one-year AEDPA time limitation expired on June 26, 2018.[1]

Mr. Lamb's second Rule 32 petition, filed October 9, 2019, Doc. 6-14 at 8-16, could not revive the one-year statute of limitations. *See e.g., Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.").

Mr. Lamb objects to this conclusion of law and argues that *Martinez v. Ryan*, 566 U.S. 1 (2012) excuses his lack of timeliness. Doc. 13 at 3. According to Mr. Lamb, his trial counsel failed to pursue his claims that he was not adequately advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). *Miranda* requires that, prior to custodial interrogation, a suspect must be advised of his "right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him." *Berghuis v. Thompkins*, 560 U.S. 370, 380 (2010) (quoting *Miranda*, 384 U.S. at 479). Mr. Lamb asserts that this failure provides him grounds under *Martinez* to file an untimely habeas petition that asserts procedurally defaulted

---

[1] There appears to be a scrivener's error on page 9 of the magistrate judge's report and recommendation. *See* Doc. 9 at 9 (providing an AEDPA expiration date of August 7, 2018). The magistrate judge's calculation of the limitations period on pages 7-8 of his report and recommendation, culminating in the June 26, 2018 AEDPA expiration date, is correct.

claims. Doc. 13 at 3-4. Mr. Lamb's objection fails because *Martinez* does not excuse an untimely habeas petition. *See Arthur v. Thomas*, 739 F.3d 611, 630-631 (11th Cir. 2014) ("[T]he *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period. . . . [T]he reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *accord Luciano v. Sec'y, Dept. of Corrs.*, 701 F. App'x 792, 793-94 (11th Cir. 2017).

Mr. Lamb also relies on *Newson v. Secretary, Department of Corrections*, 797 F. App'x 488 (11th Cir. 2019), but *Newson* does not change the result. That petitioner timely raised a procedurally defaulted claim of ineffective assistance of counsel and argued that his default should be exused under *Martinez.* The Eleventh Circuit found the petitioner failed to demonstrate prejudice from allegedly ineffective actions of the trial counsel and affirmed the denial of his habeas petition. *Newson,* 797 F. App'x at 495-96. Unlike Mr. Newson's petition, Mr. Johnson's is not timely.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the petitioner's objections and the magistrate judge's report and recommendation, the court is of the opinion that the objections are due to be **OVERRULED**. The magistrate judge's findings are **ADOPTED** and his

5

recommendation is **ACCEPTED**. Accordingly, the petition for writ of habeas corpus is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

Further, because the petition does not present issues that are debatable among reasonable jurists, a certificate of appealability is **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), *Rules Governing § 2254 Proceedings*.

A separate Final Order will be entered.

**DONE** and **ORDERED** this 2nd day of August, 2021.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE